**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4580**

_____

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

   v.

MARK ANTHONY CRUDUP, JR.,

         Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-cr-00417-D-1)

_____

Submitted:  August 23, 2023                          Decided:  August 31, 2023

_____

Before WILKINSON, KING, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Charles R. Brewer, Asheville, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, John L. Gibbons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Anthony Crudup, Jr., pled guilty, without the benefit of a written plea agreement, to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924; possession with intent to distribute unspecified quantities of heroin, marijuana, and fentanyl, in violation of 21 U.S.C. § 841(a)(1); and use of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). We previously affirmed Crudup's convictions, *see United States v. Crudup*, No. 19-4569, 2021 WL 4947145, at *1 (4th Cir. Oct. 25, 2021), but we remanded the matter for resentencing given a *Rogers*[*] error in terms of the court's announcement, at the 2019 sentencing, of the conditions of Crudup's five-year term of supervised release. On remand for resentencing, the district court reimposed the same 192-month sentence.

Crudup's sole argument on appeal is that he received constitutionally ineffective assistance of counsel at the April 6, 2022, hearing at which the court considered Crudup's pro se motion for the withdrawal of his then-attorney, Eliza Salmon, and heard witness testimony relevant to a then-pending objection to the computation of Crudup's Sentencing Guidelines range. The Government counters that the record does not conclusively establish that Ms. Salmon was ineffective at this hearing and, therefore, that Crudup's claim is not cognizable on direct appeal. Upon review, we agree with the Government's position and affirm the amended criminal judgment.

---

[*] *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020) (holding that "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing").

2

There is no dispute that a criminal defendant has a constitutional right to effective representation at all stages of the criminal process, including sentencing. *See United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc). Generally, to succeed on an ineffective assistance of counsel claim, a "defendant must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689 (internal quotation marks omitted). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

When an ineffective assistance of counsel claim is raised on appeal, we review the issue de novo, but "will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *Freeman*, 24 F.4th at 326 (emphasis and ellipses omitted). Thus, a claim of ineffective assistance of counsel is cognizable on direct appeal "only where the record conclusively establishes ineffective assistance." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

3

Crudup asserts that Ms. Salmon's performance at the April 6 hearing was deficient in that she failed to object to the district court's decision to take witness testimony prior to ruling on Crudup's pro se motion for Ms. Salmon's withdrawal and replacement with new counsel. We have reviewed the record and conclude that it does not conclusively establish that Crudup received ineffective assistance of counsel in this regard. *See id*. Therefore, this claim is not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

Accordingly, we affirm the amended criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4